162 A.2d 429 (1960)
Matter of William H. BENNETHUM.
Supreme Court of Delaware.
June 24, 1960.
S. Samuel Arsht, Wilmington, for Censor Committee of the Supreme Court.
David B. Coxe, Jr., Wilmington, for William H. Bennethum.
PER CURIAM.
Counsel for respondent argues that the only evidence on which this Court made the finding of false swearing is the evidence presented in the federal criminal trial. Authority is cited for the proposition that the record of the case in which the perjured testimony was given is admissible only to prove the giving of the testimony and not to prove perjury. 70 C.J.S. Perjury § 59, p. 530.
The argument overlooks the fact that the transcript of the testimony in the federal case, and a large number of exhibits, were put in evidence before the Censor Committee, without objection by respondent. The rule cited is inapplicable.
Counsel argues that the Censor Committee and this Court gave too much weight to the fact of the erroneous reporting of the employment tax in connection with the finding that the tax returns for 1953 and 1954 were fabricated. We do not think so, but even if the respondent were given the benefit of the doubt in this respect, the weight of the other evidence sustaining the finding would be unaffected.
Counsel's last point we have difficulty in understanding. Counsel appear to suggest that the Court has been "deprived of evidence" respecting the practice at the Wilmington office of the Internal Revenue Service, which might explain the absence of any records, despite payment of his taxes by respondent.
Counsel does not suggest what this evidence is, nor is any explanation offered why it was not adduced either at the federal trial or before the Censor Committee. The respondent had two opportunities to present it. Before the Committee the respondent expressly stated that he would stand upon the record in the federal case. We can hardly believe that if this new evidence *430 had been of any substantial help to him he would not have offered it at the proper time.
Finally, counsel suggest that some measure of discipline short of disbarment might be justified. Lesser discipline was, of course, given consideration; the Court reached its conclusion only after long and careful thought, and very reluctantly. But we found no escape from it, and see no reason to change it.
The petition for reargument is denied.