**In the Matter of William H. BENNETHUM, III.**

Supreme Court of Delaware.

June 14, 1971.

William H. Bennethum, III, pro se.

Charles S. Crompton, Jr., Wilmington, for Censor Committee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

William H. Bennethum petitions for reinstatement as a member of the Bar of this Court. He was disbarred on May 27, 1960. The opinion of this Court ordering his disbarment is reported as In Re Bennethum, 2 Storey 504, 161 A.2d 229, 162 A.2d 429. Reference to that opinion will disclose the detailed circumstances. Basically he was ordered disbarred because he was found to be guilty of having given false testimony and introducing fabricated evidence in his criminal trial in the Federal District Court for the willful failure to file income tax returns, and in the proceedings before the Censor Committee of this Court following his acquittal in the Federal District Court.

In 1963 the petitioner applied for reinstatement, which application was referred by this Court to a Special Committee of the Bar for consideration and investigation. Following a hearing, the Committee unanimously recommended against reinstatement and reinstatement was denied.

In 1964 petitioner filed a second petition for reinstatement in which, for the first time, he admitted wrongful conduct in the defense of the charge against him of failure to file income tax returns, and stated that he sincerely repented of his past wrongful conduct. A hearing was held before this Court and in April of 1965 we denied reinstatement. No opinion was filed, but the order of denial makes it clear that basically the decision rested upon the fact that it was only in 1964 that "petitioner acknowledged for the first time that he had testified falsely under oath" in the Federal Court and in the proceedings against him before the Censor Committee.

On July 10, 1970 the petition for reinstatement now before us was filed, and in September of 1970 we referred it to the Censor Committee for its investigation and recommendation. Notice was given to the petitioner in accordance with the rules of the Committee, and an investigation and hearing was held by the Censor Committee.

The Censor Committee thereafter unanimously recommended that Mr. Bennethum be reinstated as a member of the Bar of this Court. The recommendation of the Censor Committee is based upon the belief of the Committee that the petitioner is sincere in his recognition of his past wrongs and in his regret therefor; that the petitioner's conduct since his disbarment is such as to have demonstrated his rehabilitation, and is sufficient to indicate that he could be expected to be truthful and candid if he should be reinstated. Finally, the Committee believed that a sufficient period of time had passed since his disbarment more than 10 years ago and since his first admission of wrongdoing more than five years ago to justify the Committee's recommendation.

The general law is that an order of disbarment is not punitive against the offending lawyer, but is entered for the protection of the profession of law and of the public, and that it has also a subordinate purpose of reformation of the offender. It has accordingly been recognized from the early days that disbarment of an attorney does not necessarily work a permanent disability. It is generally recognized that a disbarred attorney may, within the discretion of the Court, on petition and upon a due showing of good character, reformation, rehabilitation and repentence, be reinstated. Annotation, 70 A.L.R.2d 268.

There is one reported decision in Delaware dealing with a petition for reinstatement of a former member of the Bar who had been disbarred for misconduct. This case is In Re Hawkins, 4 Boyce 200, 87 A. 243 (Super.Ct.1913). At the time of this decision, admissions to the Bar in Dela-

ware were made on a county basis and, also, discipline of members of the Bar was imposed on a county basis. The decision is therefore of the Superior Court of Kent County, from the roll of which Bar the name of Mr. Hawkins had been struck. He had in fact plead guilty to a charge of embezzlement from a client, and had been sentenced to and served a jail term. Thirteen years later he petitioned for reinstatement. His submission was that he had made restitution to his former client; that his conduct since his disbarment and release from prison had been exemplary; that the local Bar Association had investigated his conduct and unanimously supported his petition for reinstatement; that his life subsequent to his disbarment had been without offense of any kind; that he had demonstrated that he had atoned for his offense and, finally, that the length of time since his disbarment was sufficient to demonstrate the sincere contrition and reformation he had undergone. Upon these circumstances his reinstatement to the Bar of Kent County was ordered.

■ We think In Re Hawkins is a recognition of the general rule prevailing throughout the states. If the offense for which a lawyer has been disbarred is not of such a heinous character that under no circumstances could he demonstrate sufficient contrition and atonement to justify his reinstatement as a member of the profession, then the court in its discretion, under particularly appealing circumstances, may order his reinstatement.

■ We are of the opinion that William H. Bennethum, in the more than 10 years that have elapsed since his disbarment, has demonstrated by his life in the community, by his conduct, by his scrupulous avoidance of any semblance of the practice of law, and by his sincere contrition and regret for his past action, that he is worthy of being reinstated to the Bar of this Court. We rely in particular upon the testimony of two witnesses who testified before the Censor Committee at the hearing following the investigation of his petition for reinstatement. These two gentlemen, outstanding and respected members of the Bar of this Court, are receivers of a very large insurance company. With the permission of the Chancellor and of the Chief Justice, they retained the services of Mr. Bennethum for the processing of a great number of claims filed in a receivership proceeding. Mr. Bennethum has performed this task with eminent satisfaction to the receivers and to the Chancellor. In so doing, he has avoided any semblance of holding himself out as a lawyer, and has performed his functions in this respect with fidelity and complete satisfaction to the receivers. They are entirely satisfied with his performance and both testified specifically and emphatically that in their opinion Mr. Bennethum has sincerely repented of the misdeeds for which he was disbarred, and that, if readmitted to the Bar, would perform in accordance with the standards laid down for the professional conduct of lawyers.

We note, also, that the misdeeds for which Mr. Bennethum was disbarred were not at the expense of any client. His misconduct related to the payment of taxes to the Federal and State Governments. He has now complied with all requirements imposed upon him by the Federal and State taxing authorities, has filed the necessary returns and has made arrangements for the payment of his tax delinquencies to the satisfaction of the Federal and State taxing authorities. In one sense, therefore, it might be said that he has made restitution for his delinquency.

We have considered the facet of the decision in In Re Hawkins to the effect that great weight was placed upon the unanimous recommendation of the Kent County Bar that Mr. Hawkins be reinstated. We think the unanimous recommendation of the Censor Committee, a cross section of the Bar, is the equivalent.

Under all the circumstances, therefore, we think we are justified in ordering the

reinstatement to the roll of attorneys of the Bar of this Court of the name of William H. Bennethum, III. In so doing, we will follow the precedent set in the case of In Re Hawkins, supra. We will enter an order that the petitioner, William H. Bennethum, III, be reinstated as a member of the Bar of this Court, and that his name be restored to the roll of attorneys of this Court.

■ We point out that the decision we have made today is not to be regarded as a precedent for the reinstatement of any other disbarred member of the Bar of this Court. The facts of any such petition must necessarily be considered as a separate matter. Mere passage of time and penitence are not alone sufficient grounds for reinstatement. Of prime importance, we think, is the fact that no innocent client has suffered by reason of the misconduct of Mr. Bennethum. That circumstance, we think, is an essential element in the consideration of an application for reinstatement.