**In the Matter of Samuel H. LEWIS, a Member of the Bar of the Supreme Court of Delaware.**

Supreme Court of Delaware.

Submitted: Feb. 24, 1987.
Decided: July 23, 1987.

---

Edward F. Kafader (argued) and Victor F. Battaglia, Biggs & Battaglia, Wilmington, for Lewis.

L. Susan Faw, Disciplinary Counsel, Bd. on Professional Responsibility, Wilmington.

Before CHRISTIE, C.J., MOORE and HOLLAND, JJ.

PER CURIAM.

In this disciplinary proceeding, the Board on Professional Responsibility of the Supreme Court of the State of Delaware found that respondent Samuel H. Lewis violated four disciplinary rules of the Code of Professional Responsibility.[1] Lewis does not appeal the Board's determination that he violated DR 9–102(B)(3)[2] by failing to maintain complete records of funds received from clients, nor does respondent contest the Board's finding that he violated DR 1–102(A)(4)[3] by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Rather, Lewis limits his appeal to issues related to two other matters presented to the Board.

Lewis contests the Board's determination that he violated DR 1–103(C)[4] by failing to cooperate with the Board, upon proper request, to make records available for examination. Additionally, Lewis appeals the Board's decision that he violated DR 6–101(A)(3)[5] by neglecting a legal matter entrusted to him. After carefully reviewing the Board's decision, and the facts of record, we must conclude that all of the Board's findings are supported by substantial evidence. In light of Lewis' prior violations of the disciplinary rules, and the serious nature of the transgressions established in this proceeding, we suspend him from the Bar of the Court for a period of three years.

## I.

■ Our scope of review of the Board's factual findings is limited to a determination of whether the record contains substantial evidence supporting the findings. *In re Kennedy,* Del.Supr., 472 A.2d 1317, 1326 (1984); *Matter of Reed,* Del.Supr., 429 A.2d 987, 991 (1981).

Lewis first appeals the Board's determination that he violated DR 1–103(C) by failing to cooperate with the Board on a proper request to make records available for examination. This complaint was filed by the Client Security Trust Fund (CSTF).

In early 1983, CSTF directed that an accountant make a routine examination of Lewis' records. However, Lewis did not cooperate with the accountant assigned to perform the examination. Specifically, he missed two appointments and failed to return nine telephone calls. Thereafter, the CSTF sought the Board's assistance in securing Lewis' cooperation in the matter.

---

1. On September 12, 1985, this Court ordered that the Delaware Lawyer's Code of Professional Responsibility be superseded, effective October 1, 1985, and adopted the Delaware Lawyers' Rules of Professional Conduct as the standard governing the conduct of members of the Bar. Lewis' violations occurred prior to the effective date of the new Rules of Professional Conduct; thus, respondent's actions are examined under the former Code of Professional Responsibility.

2. DR 9–102(B)(3) provided:
   (B) A lawyer shall:
      *   *   *   *   *   *
      (3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

3. DR 1–102(A)(4) read:

4. DR 1–103(C) provided:
   A lawyer under investigation by the Censor Committee of the Supreme Court of Delaware shall, upon proper request of the Censor Committee or an investigating member or subcommittee of the Censor Committee, make available to the Censor Committee, its investigating members and subcommittees and their agents all books, records and other documents which may be pertinent to the subject of the investigation and which may not properly be withheld on the ground of privilege.

(A) A lawyer shall not:
   *   *   *   *   *   *
   (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

5. DR 6–101(A)(3) provided:
   (A) A lawyer shall not:
      *   *   *   *   *   *

Over a seven month period, the Chairman and an associate member of the Board attempted to secure Lewis' cooperation in the records examination, without success. The Chairman, by letter dated May 18, 1983, notified Lewis that he was aware of respondent's failure to keep the appointments with the accountant and inquired whether Lewis intended to cooperate with the CSTF audit.[6] Lewis replied by stating that he did not have time to cooperate with the examination due to the demands involved in leaving his private practice and accepting a job with the State of Pennsylvania.[7]

The Chairman then informed Lewis that he had "no more important business than cooperating in the audit procedure."[8] Lewis countered, noting that he would "be able to get the scheduling worked out within a short period of time."[9] However, this did not happen.

The Chairman then referred the matter to an associate member of the Board, Craig A. Karsnitz. In a letter to Lewis dated January 10, 1984, Mr. Karsnitz stated:

This will confirm the fact that my office was called by yourself on January 13, 1984, to cancel a meeting that you had scheduled for 2:00 p.m. so that an audit could take place on your profes-

sional records and accounts. The reason given for the rescheduling was that you had a doctor's appointment. You had not cooperated with previous attempts to schedule this audit, and I can reach no conclusion other than you are attempting to avoid this procedure. I am asking that you contact my office prior to January 23, 1984, to reschedule the appointment for an audit. If you do not do so, or if you do not appear at a rescheduled meeting, I will have no choice but to inform the Board of Professional Responsibility (sic) that you refused to cooperate with this procedure. For all concerned I hope we can avoid this result.

Despite the above warning, Lewis did not reschedule the audit, nor did he inform the Board that he opposed the request because it was improper. In fact, he never contacted Mr. Karsnitz after receiving his January 10, 1984 letter.

Lewis was charged with violating DR 1–103(C) of the Code of Professional Responsibility, which required a lawyer who is "under investigation" to make available to the Board all books, records and other documents which may be pertinent to the investigation.

We note initially that the letters from the Chairman and Mr. Karsnitz were written

---

(3) Neglect a legal matter entrusted to him.

**6.** This letter provided:
I have been advised that you have made two appointments with the certified public accountant for the Clients' Security Trust Fund and that you have failed to appear on either date. I would appreciate it if you would advise me as to whether you intend to cooperate with the C.P.A. of the Clients' Security Trust Fund for audit purposes. Your prompt response will be appreciated.

**7.** Lewis' letter, dated May 25, 1983, provides:
I received your letter regarding the audit. I must advise you that I am not trying to avoid this procedure. The problem, however, is that I have not been available due to the change that I have made in my practice; namely, that I am leaving private practice and working in Harrisburg, Pennsylvania, for the State of Pennsylvania ...
I would like to work with you on this, but haven't the time at the present to do so. Please let me know if we can make some other arrangements or, whether this is necessary in any event.

**8.** In a letter dated May 31, 1983, the Chairman wrote:
I have your response of May 25, 1983. You have no more important business than cooperating in the audit procedure. This is especially the case in view of the fact that you are terminating private practice in Delaware. Your prompt compliance with the audit without additional proceedings is in the interest of all concerned. Please advise me if you will do so.

**9.** Lewis' letter, dated June 14, 1983, provided:
I received your letter regarding the audit. I can appreciate your thoughts on the matter. At the present time, however, I have obtained employment in Pennsylvania which is full-time, such that I am not available on a regular basis. Since this position is a new one, I have not, as yet, been able to work out any scheduling which would permit me to participate in the audit. At least, not for the time being. I should, however, be able to get the scheduling worked out within a short period of time. As soon as I am able, I will work with whomever is suggested.

on the letterhead of the Board on Professional Responsibility of the Supreme Court of Delaware. Further, Lewis testified that he knew that the letters were written in each individual's capacity as a member of the Board on Professional Responsibility.

The Board's report found that Lewis had violated DR 1–103(C) and stated:

> ... The Board is satisfied that the actions of the Chairman and the investigating member of the Board to attempt to secure a compliance with the audit procedures of the CSTF do in fact constitute an investigation into the reason for failure to comply.

Lewis argues that there is no substantial evidence which indicates that he was under investigation by the Board at the time its members requested that he cooperate with auditors for CSTF. However, we find that in light of the letters received by Lewis from members of the Board and the other circumstances which existed, respondent was put on notice that he was under investigation. The Chairman's May 18 letter informed Lewis that he was under audit, and the Chairman's May 31 letter emphasized the important nature of the procedure. Lewis plainly ignored numerous letters and other instructions to cooperate with the CSTF audit, and we reject his contentions that he was unaware of any investigation.

## II.

Lewis next appeals the Board's finding that he violated DR 6–101(A)(3) which requires that a lawyer not neglect a legal matter entrusted to him. The facts indicate that Lorraine Davis retained Lewis to pursue a claim against her landlord. On March 11, 1982 Ms. Davis paid respondent the $125.00 fee for filing a suit in the Superior Court. Lewis prepared a praecipe, civil complaint and answers to interrogatories, had his client sign the complaint and interrogatory answers, but failed to file the action. Based on these facts, the Board found that Lewis had violated DR 6–101(A)(3).

Lewis argues that he lost contact with Ms. Davis since she relocated twice in the intervening period between March and December, 1982. Lewis alleges that by May, 1982 he no longer knew the whereabouts of his client. Respondent argues that it was not his fault that the complaint which he drafted was not filed since Ms. Davis had failed to cooperate with him in obtaining information necessary for the completion of the interrogatories.

However, the record indicates that Ms. Davis testified that she informed Lewis of the changes in her address. Also, Ms. Davis telephoned Lewis on July 23, 1982 and left her telephone number. When Lewis abandoned his private practice in Delaware in the early summer of 1983, he made no attempt to notify Ms. Davis of this fact and to refer her to other counsel. Lewis did not refund the $125.00 filing fee until he was contacted by the Fee Dispute Mediation and Conciliation Committee of the Delaware State Bar Association in December of 1983.

We find that the Board's determination that Lewis violated DR 6–101(A)(3) by neglecting a legal matter entrusted to him is supported by substantial evidence on the record. At the Board hearing, Lewis stated that he did not file the complaint because he could not complete answers to interrogatories. However, a review of the interrogatories reveals that Lewis did not need further information and had already prepared an adequate set of answers. Thus, we find respondent's shallow excuses insufficient to justify his failure to file the complaint after accepting the filing fee.

## III.

Lewis offers this Court evidence of mitigating circumstances that he wishes us to consider when imposing appropriate disciplinary sanctions. In summary, this evidence consists of the facts that Lewis' practice as an attorney was floundering and that respondent was faced with financial difficulties in both his professional and personal life.

Rule 8(c) of the Rules of the Board on Professional Responsibility permits us to consider mitigating or aggravating cir-

cumstances which affect the nature or degree of discipline to be imposed. In reviewing the record in this case, the Court has taken into account the mitigating evidence offered by respondent.

This Court finds that there is substantial evidence in the record to support the finding that: (1) the respondent violated DR 1–103(C) by failing to make financial records available at the request of the Board, and (2) respondent violated DR 6–103(A)(3) by neglecting to file suit in a legal matter entrusted to him.

■ We have taken into account Mr. Lewis' past record and other violations, the serious nature of the numerous violations established in the present proceeding, and considered evidence of mitigating circumstances. Under the circumstances, it is ordered that the respondent, Samuel H. Lewis, be suspended from the Bar of the State of Delaware for a period of three years.