**In re Paul R. REED, Petitioner.**

Supreme Court of Delaware.

Submitted: Nov. 14, 1990.
Decided: Dec. 18, 1990.

James C. Reed, Georgetown, and John O. Olsen (argued) of Braden & Olsen, Lake Geneva, Wis., for petitioner.

Charles Slanina (argued), Disciplinary Counsel, and David C. Johnson-Glebe, Asst. Disciplinary Counsel, Wilmington.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

PER CURIAM:

On May 4, 1981, the Delaware Supreme Court ordered that the name of the petitioner, Paul R. Reed, be "stricken from the roll of attorneys" because of his history of various violations of the Code of Professional Responsibility. *See Matter of Reed,* Del.Supr., 429 A.2d 987 (1981). Petitioner has filed an application to be reinstated as an attorney under Rule 23 of the Rules of the Board on Professional Responsibility. A panel of the Board on Professional Responsibility ("Board") conducted a hearing on the matter as required by the provisions of Rule 23. The Board recommends that the application be denied at this time because the petitioner failed to adduce clear and convincing evidence of rehabilitation, fitness to practice, and competence. After consideration of the report of the Board, a transcript of the hearing before the Board, and oral argument, we agree with the findings and recommendation of the Board and deny the application for reinstatement.

The Board made the following findings of fact in connection with the application before the Court:

1. Paul R. Reed (hereafter "Reed") was admitted to the Bar of the Supreme Court of Delaware on November 26, 1956.

2. For approximately 22 years, Reed practiced in Sussex County, Delaware.

3. As reported in three opinions of the Delaware Supreme Court, *Matter of Reed,* Del.Supr., 369 A.2d 686 (1977); *In re Reed,* Del.Supr., 394 A.2d 221 (1978); and *Matter of Reed,* Del.Supr., 429 A.2d 987 (1981), Reed's disciplinary record is as follows:

· Case No. 297 (Dec. 3, 1973): private censure
· Case No. 441 (Dec. 30, 1975): private censure
· 369 A.2d 686 (Jan. 18, 1977): public censure and $5,000 fine for failure to maintain clients' funds in real estate escrow accounts.
· 394 A.2d 221 (Nov. 1, 1978): six-month suspension for issuing two title insurance policies without making exceptions for existing mortgage liens.

· 429 A.2d 987 (May 4, 1981): authorization to practice law revoked based on Reed's prior disciplinary record, his additional serious breaches concerning two clients relating to his failures to properly represent his clients, to keep adequate financial records and to properly account for and administer trust funds in his custody, and his letter of unqualified resignation from the Bar. As to one of the matters which contributed to the revocation of Reed's authority to practice, Reed pleaded nolo contendere to theft, a misdemeanor.

4. As a layman, Reed has held a series of positions during the past ten years, primarily in real estate, teaching, school administration, and corrections. None of these positions has been in Delaware. During this period of the 1980s, Reed resided in Maryland, Pennsylvania and New Jersey, but not in Delaware.

5. During the past decade, as far as the record discloses, Reed has had no criminal convictions. The only witness at the hearing, apart from Reed himself, was the pastor of Reed's church, who testified that he knew of nothing detrimental during this period concerning Reed's morals.

6. If reinstated, Reed testified that he does not intend to practice on his own, but that he intended to apply for a position in the Attorney General's office or Public Defender's office, or in a firm practicing real estate and personal injury law. However, Reed seeks unconditional readmission to the Bar, without any limitation of his practice to particular areas of the law.

7. During the past ten years, Reed has taken courses in Maryland real estate law. During his employment with the Maryland Division of Corrections during the past three years, he has taught in the area of criminal law. In conjunction with his work at the Maryland Division of Corrections, Reed testified that he has read some Maryland and federal criminal law decisions, but he acknowledged that he has read no Delaware decisions. During the past ten years he has undertaken no other study and has received no instruction whatsoever in any of the major areas of law.

The panel went on to make the following conclusions of law:

8. Petitioner has failed to adduce clear and convincing evidence, as required by Rule 23(f), of rehabilitation, fitness to practice and competence, and that his resumption of the practice of law within Delaware will not be detrimental to the administration of justice.

9. Specifically as to rehabilitation, Petitioner's proof, including the testimony of himself and of just one other witness (his pastor), does not rise to the required level of clear and convincing evidence. . . .

10. The Board concludes that Reed, by clear and convincing evidence and without further challenge by Disciplinary Counsel, has demonstrated compliance with all applicable discipline orders and rules, except in the areas of proof of rehabilitation (*supra,* ¶ 9) and competence (*infra,* ¶ 11).

11. Reed has failed completely to meet his burden of demonstrating, by clear and convincing evidence, his present competence to resume the practice of law in Delaware, in view of his ten-year hiatus from the practice of law, during which Reed resided and worked out-of-state and engaged in no continuing legal education whatsoever relating to Delaware. *Cf.* Rule 4(A) of the Delaware Rules for Mandatory Continuing Legal Education; and *see* Rule 23(h) of the Rules of the Board on Professional Responsibility.

Based on the above-quoted findings of fact and conclusions of law the Board recommended that the petition be denied and Reed "not be considered for reinstatement in the future except on the condition of certification by the Board of Bar Examiners of his successful completion of the Delaware Bar examination *and* the Professional Conduct Examination."

Our scope of review with regard to the Board's factual findings is to determine whether the record contains substantial evi-

dence to support those findings. *In the Matter of Edward A. Tos, II,* Del.Supr., 576 A.2d 607 (1990). *See also In re Green,* Del.Supr., 464 A.2d 881, 887 (1983).

At oral argument before this Court, the petitioner contended that he had established his rehabilitation, fitness to practice, and competence by clear and convincing evidence. He also pointed out that any losses suffered by his former clients or others had been repaid even before his name was stricken. The Court has carefully reviewed the record of the limited presentation petitioner made to the Board. The record establishes that the petitioner has had no further criminal convictions. It appears that he has led a law-abiding life earning a living and being a good citizen and provider for ten years in spite of very difficult economic conditions. However, under the standards required by Rule 23(a), it is clear that the Board's conclusions as to a lack of adequate proof of *professional* rehabilitation and especially the Board's conclusion as to lack of evidence of current *professional* competence are supported by substantial evidence. To put it another way: The petitioner, who had the burden of proof, has failed to produce clear and convincing evidence of *professional* rehabilitation, fitness to practice, and competence.

The Court recognizes that the standards herein discussed impose a very heavy burden on one seeking readmission to the Bar. Thus the mere passage of time during which petitioner leads a good life free of criminal conduct and ethical misdeeds is not proof of professional rehabilitation or of current professional competence. Such high standards are imposed for the protection of those dealing on a professional level with one who has once had his membership in the Bar suspended or revoked. *In the Matter of Sidney J. Clark,* Del.Supr., 406 A.2d 28, 30 (1979); *In Re Bennethum,* Del.Supr., 278 A.2d 831 (1971); and *In Re Hawkins,* Del.Super., 27 Del. 200, 87 A. 243 (1913). The standards are appropriate in this case where there have been: a) multiple failures to meet professional standards and several chances to reform, b) failures directly related to the petitioner's practice of law, c) one of the failures involved crimi-

nal activity (theft of funds entrusted to him in connection with his law practice), and d) ten years (since petitioner's suspension) of very limited contact with many aspects of the rapidly changing provisions of Delaware law and Delaware legal procedure.

Under the circumstances, we find it to be our duty to deny the application for reinstatement to the Bar of the Supreme Court of the State of Delaware.