**In re Roger P. SANDERS, a member of the Bar of the Supreme Court of the State of Delaware.**

Supreme Court of Delaware.
Submitted: Jan. 18, 1985.
Decided: Aug. 30, 1985.

Victor F. Battaglia and J. Michael Johnson of Biggs and Battaglia, Wilmington, for respondent.

L. Susan Faw, Disciplinary Counsel for the Bd. on Professional Responsibility, Wilmington.

Before McNEILLY, HORSEY, and CHRISTIE, JJ.

PER CURIAM.

The Board on Professional Responsibility has recommended that disciplinary action be taken against Roger P. Sanders, a member of the Bar of the State of Delaware (Respondent), upon the basis of the following findings of fact and conclusions of law:

The Rule to Show Cause in this case was originally issued on July 13, 1982. It provided in part:

1. On July 19, 1979, you reported to the Board on Professional Responsibility that you had been notified that the Delaware Division of Revenue had no record of your filing State Income Tax Returns for the years 1972 through 1978. Your letter further stated that you were under the impression that you had filed returns for each of those years except for 1978. You subsequently located cancelled checks and copies of your returns for 1975 and 1976. Cancelled checks indicated you had filed estimated tax payments in 1974.

2. You were not able to find any record or any copies of Delaware State Tax Returns for 1975 or 1976.

3. An information was filed by the Attorney General charging you with a misdemeanor for wilfull failure to file a personal income tax return for the year 1976, in violation of 30 *Del.C.* § 1161.

4. On July 2, 1982, you were tried and found guilty of the charge that you did wilfully fail to file a Delaware personal income tax return for the year 1976 as required by law.

5. On July 9, 1982, you were sentenced to serve 30 days in the New Castle County Correctional Institution, and you were fined the sum of $500.00.

6. Disciplinary Rule DR 1–102(A)(3) provides: 'A lawyer shall not engage in illegal conduct involving moral turpitude'.

7. Interpretive Guideline No. 3 Re: Lawyer's Income Taxes, provides as follows: 'Illegal conduct involving moral turpitude within the meaning of DR 1–102(A)(3) shall be deemed to include, but not be limited to, the following: (1) Wilful failure to make and file Federal, State, or City income tax returns or estimated income tax returns, or pay such estimated tax or taxes, or to supply information in connection therewith at the

time or times required by law or regulations.'

8. Your conviction of the violation of 30 *Del.C.* § 1161 constitutes a violation of Disciplinary Rule 1–102(a)(3).

Thereafter the Board was advised that Respondent had filed an appeal of his criminal conviction to the Delaware Supreme Court, and the hearing previously scheduled for September 9, 1982 before this Board was cancelled. In accordance with the Board's usual practice, the matter was stayed pending resolution of the criminal appeal.

On February 10, 1984, following affirmance of Respondent's conviction by the Delaware Supreme Court, a new Rule to Show Cause was issued for a hearing to be held on March 9, 1984.* The new Rule charged Mr. Sanders with:

Willfully failing to file State income tax returns for the years 1974, 1975, 1976, 1977 and 1978, thereby engaged in illegal conduct involving moral turpitude in violation of DR 1–102(a)(3).

Following the hearing on March 9, 1984, the Board requested the submission of further information. The Respondent agreed to cooperate and assist in supplying the requested information. After an extended exchange of information between the Board and the Respondent, and after the holding of a conference among Board members, the Respondent entered into a formal stipulation supplementing the record on or about November 1, 1984.

The underlying facts in this matter are not in dispute and have been stipulated to. The Board finds that Respondent willfully failed to file his State income tax returns for the years 1974, 1975 and 1976. While State income tax returns for 1977 and 1978 were not filed until July of 1979, the Board does not find the Respondent guilty of willful failure to file for these years because of the late filing and because the presenter to

the Board sought no finding as to 1977 and 1978 against Respondent.

The Board further notes that Respondent also failed to make any State income tax payments in 1975 or 1976 for those years, or indeed until July 26, 1979 for the years 1975 and 1976. Mr. Sanders has agreed with the State that as of July 19, 1982, he owed the State $19,170.10 in tax, interest and penalties (only $120 of this amount is for taxes, the balance being interest and penalties on taxes paid late). As of September 30, 1984, as interest accrued, the amount was represented by Respondent's counsel to be $24,457.83. Respondent's counsel reports that:

There is no existing agreement on a payment schedule. In recognition of the dire financial consequences of Mr. Sanders' payment of the tax liability, combined with the loss of income resulting from this investigation and conviction, the State has to date informally agreed to forbear enforcement until satisfaction of the liability becomes a realistic possibility.

In the light of Interpretive Guideline No. 3, there can be no doubt that Respondent's willful failure to file State income tax returns for the years 1974, 1975 and 1976 constitutes a violation of DR 1–102(a)(3). Indeed, Respondent's general approach at the hearing was not to dispute the facts or the violation, but rather to appeal to the Board to be lenient in its recommendation of discipline. However, the Respondent did suggest that his failure to file was negligent rather than wilful. Nevertheless, the Board finds the failure to be *wilful* rather than merely negligent or unintentional or inadvertent. The Board believes that the conduct of Respondent clearly warrants the imposition of discipline. Because of the seriousness of the violation, the Board believes that the appeal for leniency should be directed to the Supreme Court and not to the Board.

---

* After affirmance upon remand the incarceration portion of Mr. Sanders' sentence was suspended for 500 hours of community service.

## II

No exceptions to the Board's findings of fact and conclusions of law were filed. However, Respondent, through counsel, did file a memorandum on the subject of the appropriate sanction in this matter pleading for leniency because of the grievous consequences which have already befallen the Respondent, through the loss of his position with a prominent Wilmington law firm, and the documented loss of income he has suffered as a result. The memorandum emphasizes Respondent's otherwise unblemished record of professionalism and citizenship as well as his full cooperation with the Board in its investigation of the matter. We are mindful of Respondent's otherwise unblemished record, but in our opinion those mitigating circumstances cannot excuse or forgive his transgressions.

## III

As previously stated we are satisfied that the record before us clearly supports the findings of fact and conclusions of law made by the Board and affirm them. The Respondent cannot and does not dispute those findings and conclusions. The only issue now before us then is the extent of discipline which we are to impose. We have considered the mitigating factors brought to our attention by the memorandum filed by counsel on Respondent's behalf. We also have given due consideration to counsel's plea for leniency made to the Court at the hearing held in Dover on April 30, 1985. Having weighed all these factors we conclude that the course of conduct involved requires nothing less than a period of suspension. Respondent's wilful failure to file his State income tax for the years 1974, 1975 and 1976 clearly is conduct involving moral turpitude within the meaning of DR 1–102(A)(3) then in effect and cannot be condoned by leniency in spite of Respondent's complete cooperation in this matter and his otherwise flawless reputation as an outstanding member of the Bar of this State. Accordingly, it hereby is

*ADJUDGED* and *ORDERED* that Respondent be disciplined as follows:

(1) That the Respondent be prohibited from engaging in the private practice of the law as a member of the Delaware Bar for a period of three years, commencing on the First day of September, 1985, and ending on the thirty-First day of August, 1988; and

(2) That during such period, the Respondent shall not (a) share in any legal fees arising from clients or cases referred by the Respondent during the period of suspension to any other attorney, or (b) share in any legal fees earned for services by others during such period of suspension; and

(3) That the Respondent shall arrange with another member of the Delaware Bar to protect the interests of any clients of the Respondent during the period of suspension; and shall submit to this Court on or before November 1, 1985, a certificate of compliance with this paragraph, co-signed by the attorney who has undertaken the said assignment. Compare *Matter of Reardon*, Del.Supr., 369 A.2d 666 (1977).

(4) That during such period the Respondent shall make arrangements with counsel for the Board on Professional Responsibility for the payments of costs in the amount of $304.29. In the event the amount of said costs is not paid on or before August 31, 1988 the suspension shall remain in full force and effect until paid in full.

(5) That this Opinion and Order be disseminated by Disciplinary Council in accordance with Rule 3 and Rule 14 of the Rules of the Board on Professional Responsibility.