[No. S002478. Jan. 14, 1988.]

In re DONALD C. DUCHOW on Suspension.

**COUNSEL**

Donald C. Duchow, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Richard J. Zanassi and Djinna M. Gochis for Respondent.

**OPINION**

**THE COURT.—** ██ Donald C. Duchow, admitted to practice in 1960, pleaded guilty and was convicted on four counts of a federal information charging him with theft of public money (18 U.S.C. § 641). Counts 1 and 2 each charged him with "willfully and knowingly steal[ing], purloin[ing], and convert[ing]" to his own and another's use funds belonging to the Social Security Administration. Counts 3 and 4 each charged him with the same conduct respecting funds belonging to the Veterans Administration. The federal court suspended imposition of sentence and placed him on probation under conditions requiring him to make full restitution.

We referred the matter to the State Bar for a hearing, report, and recommendation on the question whether the facts and circumstances surrounding the commission of the offenses involved moral turpitude or other misconduct warranting discipline and, if so found, what discipline should be imposed. The State Bar's report has now been filed, the review department concluding that Duchow's acts involved moral turpitude and recommending that he be suspended for three years, that the order of suspension be stayed, and that he be placed on probation for three years on conditions including one year actual suspension; it is further recommended that he be ordered to comply with the provisions of rule 955, California Rules of Court, and to take and pass the Professional Responsibility Examination.

This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Duchow's conduct did involve

moral turpitude and that he should be disciplined in accordance with the State Bar's recommendation.

It is ordered that Donald C. Duchow be suspended from the practice of law in the State of California for a period of three years, that the order of suspension be stayed, and that he be placed on probation for three years upon all of the conditions, including one year actual suspension, which are set forth in the resolution adopted by the State Bar Court in this matter on June 2, 1987. It is further ordered that Duchow comply with the provisions of rule 955 of the California Rules of Court, performing the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order. It is further ordered that he take and pass the Professional Responsibility Examination within one year of the effective date of this order (see *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891 [126 Cal.Rptr. 793, 544 P.2d 929]). This order is effective 30 days after the filing of this opinion.

**KAUFMAN, J.**—I concur in the discipline imposed except for the period of actual suspension as to which I respectfully dissent.

In reality petitioner violated the duties of an attorney in two very serious ways. First, he in essence defrauded the United States government of over $10,000 and then he misappropriated the funds to his own use. This court has disbarred attorneys for less, and I do not believe a one-year actual suspension is adequate discipline even though there are some mitigating circumstances.

Petitioner's application for a rehearing was denied February 25, 1988.