In the Matter of G. Thomas SAND-BACH, Esquire, A Member of the Bar of the Supreme Court of Delaware.

Supreme Court of Delaware.

Submitted: June 14, 1988.
Decided: Aug. 4, 1988.
Revised: Aug. 31, 1988.

Lawrence M. Sullivan (argued), Wilmington, for G. Thomas Sandbach.

L. Susan Faw (argued), Disciplinary Counsel for the Bd. on Professional Responsibility, Wilmington.

Before HORSEY, MOORE and HOLLAND, JJ.

PER CURIAM:

The Board on Professional Responsibility (the "Board") has recommended that disciplinary action be taken against G. Thomas Sandbach ("Respondent"), a member of the Bar of the Supreme Court of the State of Delaware. The Board's recommendation for disciplinary action relates to Respondent's willful failure to make and timely file Delaware Personal Income Tax Returns for five years. The operative facts and findings in this matter are not in dispute. The differences concern the appropriate sanction.

I

Pursuant to 30 *Del.C.* § 1161(1), and for all relevant time periods, Respondent, a resident of the State of Delaware, was a person required to file a Delaware Personal Income Tax Return. In October 1986, Respondent was notified by the Division of Revenue (the "Division") that it had not received tax returns from Respondent for the calendar years 1980, 1981, 1982, 1983, and 1985. The total amount of taxes, interest, and penalties due and owing by Respondent to the State of Delaware was later determined to be approximately $7,000.00. Respondent did not dispute the Division's findings and paid the calculated deficiency upon being so notified by the Division.

Shortly thereafter, following an investigation by the Attorney General, criminal charges were filed against Respondent for violation of 30 *Del.C.* § 1233 [1] (willful failure to pay personal income tax or estimated tax) by a person required to do so under 30 *Del.C.* § 1161(1).[2] In February 1987,

1. 30 *Del.C.* § 1233 provides:
§ 1233. **Failure to file return, supply information or pay tax; penalty.**
Any person required under this chapter to pay any tax or estimated tax, or required by this chapter to make a return (other than a return of estimated tax), to keep any records or to supply any information, who willfully fails to pay such tax or estimated tax, make such return, keep such records or supply such information, at the

time or times required by law, shall, in addition to other penalties provided by law, be fined not more than $3,000, or imprisoned not more than 6 months, or both.

2. 30 *Del.C.* § 1161(1) provides:
§ 1161. **Persons required to make returns of income.**

Respondent entered a guilty plea in Superior Court to violation of section 1233 (an unclassified misdemeanor) for one of the five years noted and Respondent was fined $2,000.

## II

In April 1987, Disciplinary Counsel of the Board on Professional Responsibility filed with the Board a Petition to discipline Respondent based upon the five separate violations of 30 *Del.C.* § 1233 through his willful failure to make and file Delaware personal income tax returns for the years 1980, 1981, 1982, 1983, and 1985. The Petition charged that each of the statutory violations constituted a violation of Rule 8.4(b) of the Delaware Lawyers' Rules of Professional Conduct.[3] Four months later, Respondent through counsel answered the Petition, admitting all allegations of fact and conclusions of law. A panel of the Board held a formal evidentiary hearing shortly thereafter in August 1987.

On February 4, 1988, the Board filed with this Court its Final Report containing the required findings and recommendations and statement of mitigating and aggravating circumstances to be considered in determining the discipline to be imposed. Bd. Prof.Resp.R. 8(c); 9(d). The Board found by clear and convincing evidence that Respondent had "engaged in the course of conduct" of "willfully failing to make and timely file Delaware Personal Income Tax Returns during calendar years 1980, 1981, 1982, 1983 and 1985" in violation of Rule 8.4(b) of the Rules of Professional Conduct.

However, the Board has recommended as an appropriate sanction Respondent's suspension from the practice of law for one year, following by a two year term of probation on condition that Respondent perform a program of community service, hereafter referred to. The Board found the mitigating circumstances (Respondent's full cooperation with the State authorities and Disciplinary Counsel, together with his ready admission of guilt and contriteness) to outweigh the aggravating circumstances of willful criminal conduct that would otherwise warrant "severe sanctions."

## III

On review before this Court, Respondent does not contest the Board's findings of fact, conclusions as to his violations of the Rules of Professional Conduct, or its recommendation of sanctions, with one limited exception. While Respondent does not object to the requirement of performing community service (initially his suggestion), he objects to being required to perform any service that would subject him to "further unnecessary public embarrassment and humiliation."[4]

After due consideration of the Board's recommendations, the Court concludes that a more serious sanction is warranted by Respondent's admittedly willful course of criminal conduct for an extended period of years. The Court views the relied upon mitigating circumstances as entitled to somewhat less weight than the Board has accorded them. Although Respondent has

An income tax return with respect to the tax imposed by this chapter shall be made by the following:

(1) Every resident individual who (A) is required to file a federal income tax return for the taxable year, or (B) has for the taxable year adjusted gross income as modified by § 1106 of this title of more than $1,000, except that a return shall not be required of an individual who is entitled to file a joint federal income tax return for the taxable year, and whose gross income, when combined with the gross income of his spouse, is less than $2,000.

**3.** Rule 8.4(b) provides that professional misconduct occurs when a lawyer "commit[s] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

**4.** Respondent offers no objection to the performance of community service involving the counseling of troubled lawyers or prospective Bar admittees, nor does Respondent object to performing service designed "to make the public and the Bar aware not just of the penalty for violating the law, but to recognize the symptoms that allow one to come to the brink of this type of action." Respondent's objection goes to the Board's suggestion that he be required to engage in activities that will "publicize the lessons of this case"—as "unnecessarily prolong[ing] the embarrassment and humiliation" of his criminal conviction.

fully cooperated with State authorities and the Board, such cooperation only followed Respondent's receiving notification by the Division that it had not received various tax returns. Respondent did not initiate proceedings to rectify his unlawful conduct, nor did he admit his failure to file State income tax returns prior to the Division's discovery of the violations. The Board has correctly stated:

> It.has long been the rule in Delaware that any Member of the Bar who fails or refuses to perform his duties as a citizen may breach his standards of professional ethics so as to require disciplinary action. A lawyer who disregards his duty as a citizen by failing to pay income taxes fails to uphold the standards of his profession, irrespective of any conviction. See *Bennethum v. Superior Court*, Del. Supr., 153 A.2d 200 (1959), and *In Re Bennethum*, Del.Supr., 161 A.2d 299 [229] (1960).

The Court cannot overlook the repetitive nature of Respondent's willful breach of a citizen's minimal duty to pay taxes. It must also be noted that Respondent, over the years in question, apparently filed his federal income tax returns yet attempted ·to evade the requirements of State income tax law.

Having weighed all the pertinent factors, the Court concludes that Respondent's multiple convictions under 30 *Del.C.* § 1233, amounting to violations of Rule 8.4(b) of the Delaware Lawyer's Rules of Professional Conduct, require nothing less than a period of suspension from the practice of law greater than one year. Accordingly, it hereby is ADJUDGED and ORDERED that Respondent be disciplined as follows:

(1) That Respondent be prohibited and suspended from engaging in the practice of law as a member of the Delaware Bar for a period of three years, commencing September 6, 1988, subject to the provisions of paragraph (4) below; and

(2) That during the period of suspension, Respondent shall not: (a) share in any legal fees arising from clients or cases referred by the Respondent during the period of suspension to any other attorney, or (b) share in any legal fees earned for services by others during such period of suspension; and

(3) That Respondent shall arrange with another member of the Delaware Bar to protect the interests of any clients of Respondent during the period of suspension, and shall submit to this Court on or before the 30th day of September, 1988, a certificate of compliance with this paragraph, co-signed by the attorney who has undertaken the said assignment;· and

(4) That Respondent shall be relieved of the third year of his term of suspension from practice and Respondent may petition the Board on Professional Responsibility for reinstatement under Board Rule 23 following the completion of the second year of his suspension, provided that Respondent has, within the first two years of his suspension, performed 400 hours of community service. The nature of the community service to be performed shall be determined by the Board. This service shall be under the direction of a member of the Bar of the State of Delaware, designated by the Board, who is willing to volunteer the time necessary to appropriately supervise these activities; and

(5) That Respondent is required to pay the full costs of the disciplinary proceedings of $378.25 within 30 days of this decision; and

(6) That this Opinion and Order be disseminated by Disciplinary Counsel in accordance with Rule 3 and Rule 14 of the Rules of the Board on Professional Responsibility.