794 P.2d 601

**In the Matter of a Member of the State Bar of Arizona, Russell Biddle SMITH, III, Respondent.**

No. SB–89–0053–D.

Disc. Comm. No. 5–1386.

Supreme Court of Arizona,
In Banc.

July 10, 1990.

Russell Biddle Smith, III, El Reno, Okl., pro se.

State Bar of Arizona by Harriet L. Turney, Chief Counsel, Jennings, Strouss & Salmon by John B. Weldon, Jr., and Mikel L. Moore, Phoenix, for State Bar of Arizona.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommends that Russell Biddle Smith, III (respondent) be disbarred. The conduct in question occurred in 1981 and 1982, prior to the adoption of the Rules of Professional Conduct, effective on 1 February 1985. The former Code of Professional Responsibility therefore applies to respondent's conduct.[1] *See* former Rule 29(a), 17A A.R.S. Sup.Ct. Rules (1981). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 53(e), 17A A.R.S. Sup.Ct. Rules.

### II. ISSUES

1. Was respondent properly served with notice of the disciplinary proceedings?

2. Was there clear and convincing evidence to support the Commission's recommendation of disbarment?

### III. FACTS

Respondent is currently serving a sentence in federal prison for aiding and abetting a mail fraud and aiding and abetting the sale of an unlicensed security, both

---

1. The Rules of Professional Conduct govern the applicable procedure. *See In re Zang,* 158 Ariz. 251, 762 P.2d 538 (1988).

federal felonies. Respondent pled guilty to these crimes and was sentenced on 13 October 1988 to five years imprisonment on the mail fraud charge, and five years probation for aiding and abetting the sale of an unlicensed security.

On 3 September 1986 the State Bar of Arizona (Bar) filed a four-count disciplinary complaint against respondent charging him with various ethical violations of the former Code of Professional Responsibility, Rule 29(a), 17A A.R.S. Sup.Ct. Rules. The complaint was based on criminal charges brought against respondent stemming from his preparation of two securities opinion letters and one tax opinion letter. The complaint alleged that respondent violated the following Disciplinary Rules: DR 1-102(A)(4) and (6) (Misconduct), DR 6-101(A)(2) (Failing to Act Competently) and DR 7-102(A) and (B) (Representing a Client Within the Bounds of the Law).

## IV. NOTICE

The Bar complaint was served upon the clerk of the Arizona Supreme Court pursuant to Supreme Court Rule 55(b)(6), which provides that service may be made upon the clerk when a respondent has absented himself from the state for a continuous period of more than thirty days, or cannot be found and personally served. Rule 55(b)(6), 17A A.R.S. Sup.Ct. Rules. The clerk is designated as the agent for service and sends, by registered or certified mail, a copy of the notice and the complaint to respondent at his last known address shown by state bar records. Service upon the respondent is deemed complete thirty days after service upon the clerk.

On 2 October 1986, the clerk mailed the complaint to respondent by certified mail. On 30 October 1986, the envelope was returned to the clerk marked "unclaimed." On 7 November 1986, the clerk filed an affidavit stating that service had been attempted upon respondent by certified mail on 2 October 1986 at his last known address.[2]

On 15 September 1987, the complaint was deemed admitted for respondent's failure to answer. Rule 53(c)(1), 17A A.R.S. Sup.Ct. Rules.

The first correspondence from respondent was a hand-written letter dated 8 November 1987, received 17 November 1987. In this letter respondent made clear that he received the complaint and that he denied all allegations:

I have just received Hearing Committee 6B's complaint in the above matters. I hereby deny all the allegations in both complaints and assert the 5th Amendment's protection of self-incrimination as an affirmative defense.

I am currently incarcerated for fact(s) relative to both complaints, and I have no typewriter (or pen) due to jail rules. I also have no access to a photocopier, and therefore, I have sent a hand copied duplicate to the clerk of the Arizona Supreme Court on this date. I doubt that I can attend the December 9th hearing because of the incarceration.

On 22 April 1988, respondent informed the Commission that he had pled guilty to the federal crimes in the United States District Court for the Eastern District of California. In the same letter respondent stated: "I, therefore and hereby, resign my license to practice law in the state of Arizona in lieu of disbarment. You will receive no further notice of correspondence from me."

Smith did, however, send a letter dated 24 February 1989, to the Commission stating that he could not answer because of the fifth amendment privilege not to incriminate oneself in criminal proceedings. He also claimed the criminal charges were false.[3]

---

**2.** The Bar also sent a copy of the complaint to respondent on 18 November 1986 by regular mail.

**3.** In this letter, addressed to the Commission, he stated:

I received today your letter of February 14, 1989, and within the "notice" of oral arguments in the above matters.

Please note, again: I am a federal *prisoner,* that means I *cannot* attend anything in Arizona; I *cannot* afford any counsel to attend, I have *no* money; and, I have *not* to date answered any

On 15 March 1989, as a result of respondent's convictions, we issued an order placing him on interim suspension. *See* Rule 52(c), 17A A.R.S. Sup.Ct. Rules.

The Commission was concerned as to whether service of the complaint upon respondent met due process requirements and addressed that issue in the hearing. Bar counsel stated at the Commission hearing that:

> (Mr. Moore): ... there were attempts made at various times to communicate with Mr. Smith at his California address, and the most recent notice of this hearing was sent directly to his location at the Federal Correctional Institution in Texarkana. I cannot, as I sit here right now, without taking more time, recount to you each attempt that was made by the State Bar to contact Mr. Smith directly and make sure that he received the papers that had been served in this proceeding. I know, however, from reading his letters, that he did receive those papers. If you read his first letter of November 8, 1987, he received the complaints in both matters. If you read his second letter....

Bar counsel also stated that he did not have any information as to respondent's whereabouts at the time the complaint was filed, and that, "I only know that service at that time of that complaint was made pursuant to 55(b)(6)."

The Commission found that respondent was properly served, concluding:

> Upon clear and convincing evidence in the record on appeal, the Commission finds that the requirements of procedural due process have been met.

> Because the respondent was absent from the State of Arizona for a continuous period of more than thirty days, service of the complaint, as well as the notices of hearings, was made pursuant to Rule 55(b)(6), Rules of the Supreme Court. Additionally, attempts to reach the respondent at addresses at the feder-

al prisons in Sacramento, California and Texarkana, Texas were made.

The respondent acknowledges, in his letter dated November 8, 1987, that he received the complaint. In his letter dated February, 1989, respondent also acknowledges receipt of the notice of the hearing that was held before the Commission on March 11, 1989.

For the foregoing reasons, the Commission finds that these proceedings have been fundamentally fair.

In a letter dated 22 May 1989, respondent filed a notice of appeal objecting to the Commission report. Rule 53(e), 17A A.R.S. Sup.Ct. Rules.

■ We agree with the Commission that due process requirements were satisfied because respondent was given ample notice of the charges; in his letter dated 8 November 1987, respondent acknowledged receiving the complaint, and in his letter dated 24 February 1989, he acknowledged receiving notice of the hearing before the Commission. All evidence indicated the bar complied with the rules for out-of-state service. The clerk of the supreme court was properly served with the complaint and the clerk timely sent the complaint by certified mail to respondent in compliance with Rule 55(b)(6). Accordingly, we hold that service was sufficient to satisfy respondent's due process rights.

## V. VIOLATION OF THE CODE OF PROFESSIONAL RESPONSIBILITY

■ Respondent was charged with four violations of the Code of Professional Responsibility. Rule 29(a), 17A A.R.S. Sup.Ct. Rules. Because respondent has not formally addressed the charges against him, nor provided any evidence on his behalf, the complaint properly was deemed admitted. Rule 53(c)(1), 17A A.R.S. Sup.Ct. Rules. We do not believe respondent's letters can be considered responsive pleadings because respondent did not explain his conduct in these letters, but instead claimed

bar/supreme court matter in Arizona because *(A) I have asserted the fifth amendment right* against self-incrimination in the matter based on my *continuing,* i.e. appealable, legal position

with the federal government, and (B) the charges are *not* true, but first I must finish with the federal government. (Emphasis in original).

the fifth amendment allowed him not to answer the complaint.

Both the Committee and Commission found clear and convincing evidence of intentional conduct involving fraud, misrepresentation, and/or deceit, seriously and adversely reflecting on respondent's fitness to practice law. We agree with these findings and believe the evidence shows that respondent was guilty of a serious felony. Respondent allowed letters containing false information to influence public investors and investment counsellors. He misrepresented material facts concerning the corporate principals and promoters. He failed to inform a Nevada attorney, who represented a potential buyer of his client's business, of a consent judgment entered against respondent, and of a $6.6 million judgment entered against the principals. Based on respondent's felony convictions, his guilty pleas, and the complaint being deemed admitted, we believe violations of the Disciplinary Rules have been established by clear and convincing evidence.

## VI. SANCTIONS

■ The Hearing Committee (Committee) recommended disbarment. The Commission adopted the Committee's findings of fact and conclusions of law, and filed its report on 2 May 1989. By a vote of 6–1, the Commission also recommended disbarment.

Although we have the final word in the appropriate attorney discipline to impose, we give strong deference to the recommendations of the Committee and Commission. *In re Neville*, 147 Ariz. 106, 115, 708 P.2d 1297, 1306 (1985). We impose discipline not as punishment, but to protect the public and deter other attorneys from misconduct. *In re Pappas*, 159 Ariz. 516, 526, 768 P.2d 1161, 1171 (1988).

Under Rule 29(c) of the former Code of Professional Responsibility, conviction of a felony warranted automatic disbarment:

29(c) Conviction of felony or misdemeanor. A member shall be disbarred upon conviction of any felony, whether or not involving moral turpitude, and shall be disciplined as the facts warrant, upon conviction of a misdemeanor involving moral turpitude. Proof of conviction shall be conclusive evidence of guilt of the crime for which convicted in any disciplinary proceeding based on the conviction.

Rule 29(c), 17A A.R.S. Sup.Ct. Rules; *see also In re Wines*, 135 Ariz. 203, 204, 660 P.2d 454, 455 (1983). Under the Rules of Professional Conduct, conviction of a felony is conclusive evidence of guilt of the underlying criminal offense. Rule 57(a)(3), 17A A.R.S. Sup.Ct. Rules; *see also In re Rivkind*, 164 Ariz. 154, 156–57, 791 P.2d 1037, 1039–40 (1990). However, the Rules of Professional Conduct eliminate the automatic disbarment provision in favor of a case-by-case resolution of appropriate discipline. Rule 57(a), 17A A.R.S. Sup.Ct. Rules.

We consider the American Bar Association's *Standards for Imposing Lawyer Sanctions* in determining the proper discipline to impose. *Pappas*, 159 Ariz. at 526, 768 P.2d at 1171. The Standards provide that, absent mitigating circumstances, disbarment is generally warranted when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards for Imposing Lawyer Sanctions*, Standard 5.11 (1986).

Under either the former Code of Professional Responsibility, the current rules, or the ABA Standards, the facts support respondent's disbarment. Respondent's conduct adversely reflects on his fitness to practice law and demonstrates a disregard for the duty owed to the public and the

legal system. We find no mitigating circumstances sufficient to require us to impose lesser discipline than disbarment.

### VII. DISPOSITION

Respondent is disbarred and assessed bar costs and fees in the amount of $504.20.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.