In the Matter of a Member of the Bar
of the Supreme Court of Delaware
David K. BREWSTER.

Supreme Court of Delaware.

Submitted: Feb. 5, 1991.
Decided: March 8, 1991.
Rehearing Denied: March 28, 1991.

Charles Slanina, Disciplinary Counsel,
for the Bd. on Professional Responsibility,
Wilmington.

David K. Brewster, pro se.

Before CHRISTIE, C.J., HORSEY and
HOLLAND, JJ.

PER CURIAM:

This is a Disciplinary Proceeding. A
panel of the Board on Professional Responsibility ("Board")[1] held a hearing involving
charges of professional misconduct against
the Respondent, David K. Brewster
("Brewster"). Bd.Prof.Resp.R. 9(d). The
Board's proceedings were initiated following Brewster's three-count indictment and
guilty plea to one count of Bank Fraud, a
felony, in violation of Title 18, Section
1344(a)(2) of the United States Code. On
July 12, 1990, 582 A.2d 936, this Court
placed Brewster on interim suspension,
"pending final determination of the matters pending before the Board on Professional Responsibility and pending further
order of this Court."

The Board has issued a final report to
this Court ("Report"). The Board found
that Brewster had violated Rules 8.4(b) and
8.4(c) of the Delaware Lawyers' Rules of
Professional Conduct. Brewster, who was
incarcerated, has appeared *pro se* and represented to this Court that he takes no
exception to the Board's findings. Therefore, the sole issue to be addressed by this
Court is the form of discipline to be imposed.

Brewster argues that the appropriate
sanction is a period of suspension for one
or two years, retroactive to the date of his
interim suspension. Disciplinary Counsel
argues that Brewster should be disbarred.
The Court has concluded that Brewster
should be disbarred.

---

1. The Board is an agency of this Court, created under Supreme Court Rule 62. *In re Kennedy,* Del.Supr., 472 A.2d 1317, 1318–19 (1984).

## I

The Board's findings of fact with respect to the underlying charges of professional misconduct, as set forth in its Report, are in pertinent part, as follows:

1. David K. Brewster, Esq., Respondent, is a member of the Bar of the Supreme Court of Delaware, having been admitted in December, 1970.

2. On January 23, 1990, Respondent was sentenced to fifteen (15) months of incarceration for violation of United States Code Title 18, Section 1344(a)(2) Bank Fraud felony by the United States District Court for the Southern District of Florida in Case No. 88–8103–CR–ZLOCH.

3. Respondent currently is serving the sentence imposed at the Federal Prison Camp at Maxwell Air Force Base, Montgomery, Alabama.[2]

4. Respondent failed to respond to the [merits of the] charges presented either in writing, in person, or by way of representation.

The Board's conclusions of law with respect to the underlying charges of professional misconduct, as set forth in its Report, are in pertinent part, as follows:

Pursuant to Rule 15 of the Rules of the Board on Professional Responsibility ("RBPR"), Disciplinary Counsel has the burden of proof in this proceeding and must establish the charges of misconduct by clear and convincing evidence. Under Rule 16(e) of the RBPR, a certificate of conviction for a crime is conclusive evidence of the commission of such crime in disciplinary proceedings. Further, Rule 9(d) of the Board on Professional Responsibility indicates that the charges set forth in a Petition to Discipline are admitted if not answered by the Respondent.

Disciplinary Counsel has met his burden of proof. Respondent is guilty of professional misconduct, specifically violation of DLRPC Rules 8.4(b) and 8.4(c) by reason of his conviction for bank fraud in violation of 18 *U.S.C.* Section 1344(a)(2).

## II

The record reflects that Count I of the Indictment, the count to which Brewster pled guilty, charged him as follows:

### COUNT I

Beginning on or about early March, 1988 and continuing to and including late May, 1988, in West Palm Beach and elsewhere in Palm Beach County, in the Southern District of Florida, the defendant, David Kelly Brewster, did knowingly execute and attempt to execute a scheme and artifice to obtain monies, funds, assets, and other property owned by and under the control of Amerifirst Bank, West Palm Beach, Florida, which is insured by a Federal Savings and Loan Insurance Corporation (FSLIC), by means of false and fraudulent pretenses, representations, and promises, when the defendant then and there well knew said pretenses, representations, and promises were false and fraudulent when made, which scheme and artifice was in substance as follows:

1. It was part of said scheme and artifice that the defendant, David Kelly Brewster, would represent to said Amerifirst Bank, that he owned 39,833 shares of stock in the Dixon Ticonderoga Company, which would serve as collateral for a loan in the amount of $325,000, when in fact, as the defendant well knew, he only owned two shares of stock in the Dixon Ticonderoga Company.

2. It was a further part of said scheme and artifice that the defendant submitted Stock Certificate No. NPU 402, Cusip No. 255860108, which had been altered by the defendant from showing two shares of stock to showing 39,833 shares of stock.

3. It was a further part of said scheme and artifice that the defendant in April of 1988, returned to Amerifirst Bank and requested an additional $150,-

---

**2.** Brewster represents that he was transferred to a half-way house in West Palm Beach, Florida, on January 11, 1991, and was scheduled to be released on February 22, 1991.

000 on the loan granted on March 3, 1988, again utilizing the altered stock certificate as collateral.

4. It was further part of said scheme and artifice that the defendant in May of 1988, again informed the bank that the value of the stock of Dixon Ticonderoga Company had increased and said defendant requested an additional $75,000 on the initial loan to be advanced, utilizing the increased value of the altered stock certificate as collateral.

As a result of the false representations to Amerifirst Bank regarding the ownership of 39,833 shares Amerifirst Bank advanced to the defendant, David Kelly Brewster, a total of $550,000.

All in violation of Title 18, United States Code, Section 1344(a)(2).

The Board concluded that this conduct, which Brewster admitted when he pled guilty, and resulted in his conviction of a felony, Bank Fraud, constituted a violation of Rule 8.4(b) and (c) of the Delaware Lawyers' Rules of Professional Conduct. Those subsections provide that it is "professional misconduct for a lawyer to: ... (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation...."

### III

 This Court has made a careful and independent review of both the factual findings and the conclusions of law that are set forth in the Board's Report. Our scope of review with regard to the Board's factual findings is to determine whether the record contains substantial evidence to support those findings. *Matter of Higgins,* Del.Supr., 565 A.2d 901, 906–07 (1989); *Matter of Lewis,* Del.Supr., 528 A.2d 1192, 1193 (1987); *In re Kennedy,* Del.Supr., 472 A.2d 1317, 1326 (1984); *Matter of Reed,* Del.Supr., 429 A.2d 987, 991 (1981). We review the Board's conclusions of law *de novo. Matter of Berl,* Del.Supr., 540 A.2d 410, 413 (1988). We are satisfied that the record before us clearly supports the find-

ings of fact and the conclusions of law made by the Board in this case. *Matter of Sullivan,* Del.Supr., 530 A.2d 1115, 1117 (1987); *Matter of Lewis,* 528 A.2d at 1196; *In re Sanders,* Del.Supr., 498 A.2d 148, 150 (1985); *In re Frabizzio,* Del.Supr., 498 A.2d 1076, 1081 (1985). *See also In re Ryan,* Del.Supr., 498 A.2d 515 (1985).

### IV

 The inherent and exclusive authority for disciplining lawyers rests with this Court. *In Re Green,* Del.Supr., 464 A.2d 881, 885 (1983). This Court has wide latitude in determining the form of discipline to be imposed. *In re Member of the Bar,* Del.Supr., 226 A.2d 705, 707 (1967). In imposing sanctions, this Court is guided by its prior precedents. *Matter of Christie,* Del.Supr., 574 A.2d 845, 853 (1990). The American Bar Association has also developed standards for imposing lawyer discipline which suggest, *inter alia,* that a court consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. *ABA Standards for Imposing Lawyer Sanctions,* Standard 3.0, at 25 (Approved February, 1986). We have previously cited this and other portions of the *ABA Standards for Imposing Lawyer Sanctions* with approval. *See, e.g., Matter of Clyne,* Del.Supr., 581 A.2d 1118, 1125 (1990); *Matter of Higgins,* Del.Supr., 582 A.2d 929, 932 (1990).

### V

 Disciplinary Counsel submits that the appropriate sanction for Brewster is disbarment. In support of his position, Disciplinary Counsel cites several of this Court's prior precedents, *e.g., Matter of Higgins,* Del.Supr., 582 A.2d 929 (1990) and *Matter of Sullivan,* Del.Supr., 530 A.2d 1115 (1987), as well as precedents from other jurisdictions. *Matter of Smith,* Az. Supr., 164 Ariz. 526, 794 P.2d 601 (1990); *In Re Chuang,* D.C.Supr., 575 A.2d 725 (1990); *Matter of Fury,* N.Y.App.Div., 145 A.D.2d 259, 538 N.Y.S.2d 950 (1989); *Loui-*

siana State Bar Assoc. v. Smith, La.Supr., 548 So.2d 914 (1989); *Matter of Bond*, D.C. App., 519 A.2d 165 (1986). Disciplinary Counsel relies upon the *ABA Standards for Imposing Lawyer Sanctions*. In particular, Disciplinary Counsel cites the following provision:

**5.1 Failure to Maintain Personal Integrity**

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit, or misrepresentation:

5.11 Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes ... fraud ...

*ABA Standards for Imposing Lawyer Sanctions,* Standard 5.11, at 36.

In the proceedings before the Board and this Court, Brewster has acknowledged that he is a member of the Bar who has failed to maintain his personal integrity by committing a serious crime. Brewster has also acknowledged that, "as a convicted felon, [not only is he] subject to discipline by [this] Court [but] that [this] Court would be subject to legitimate criticism if it were to neglect to take some substantial disciplinary action" given the nature of his misconduct. However, Brewster argues that there are several factors which distinguish his case from one in which disbarment would be required. According to Brewster, those factors are:

First, [his] conviction did not result from any action [he] took as a lawyer but as a participant in a commercial transaction which ... did not take place in the jurisdiction of Delaware.

Second, [he has] been a member in good standing of the Delaware Bar for nearly twenty years, during which time [he] believe[s] [he] was a credit to the Bar in [his] public service as a Deputy Attorney General and Securities Commissioner, and in [his] private endeavors as a lawyer and businessman.

Third, [he] sincerely and deeply regret[s] that [his] action would in any way reflect discredit on the Delaware Bar.

Fourth, when the altered certificate was discovered by the security department of Amerifirst, [he] voluntarily entered into a Modification Agreement proposed by the bank and fully collateralized the bank's position with other assets acceptable to the bank and [he] voluntarily began to liquidate assets to liquidate the loan.

Fifth, [he] would point out there is, in similar cases, precedent for imposing, rather than disbarment, substantial suspension, itself a grave sanction, citing *In Re Ryan*, Del.Supr., 498 A.2d 515 (1985); *Akron Bar Assoc. v. Murty*, [62 Ohio St.2d 301] 405 N.E.2d 300 (Ohio 1980); and *In Re Duchow*, [44 Cal.3d 268, 243 Cal.Rptr. 85] 747 P.2d 526 (1988).

Brewster suggests that the appropriate sanction is a substantial suspension, a period of one or two years, retroactive from the date of his interim suspension on July 12, 1990.

## VI

Although protection of the public is a primary purpose of disciplinary action, there are other important purposes to be served by lawyer discipline. *See Matter of Sullivan*, 530 A.2d at 1119; *In Re Draper*, Del.Supr., 317 A.2d 106, 108 (1974). As officers of the Court, members of the Bar are expected to respect and uphold the law. Disciplinary proceedings also serve to foster public confidence in the Bar, to preserve the integrity of the profession, and to deter other lawyers from similar misconduct. *Matter of Sullivan*, 530 A.2d at 1119.

"[L]awyers who act illegally diminish the stature of the legal profession and reduce public confidence in the rule of law." *Matter of Christie*, 574 A.2d at 851 (citing *Standing Comm. on Discipline of the United States Dist. Court v. Ross*, 735 F.2d 1168, 1171 (9th Cir.1984)). *See C.*

Wolfram, *Modern Legal Ethics*, § 3.1 (1986). Consequently, this Court has imposed discipline for criminal conduct not arising directly from the practice of law. *Matter of Christie*, 574 A.2d at 851; *Matter of Sandbach*, Del.Supr., 546 A.2d 345 (1988); and *In Re Sanders*, Del.Supr., 498 A.2d 148 (1985). In that regard, the commentary to 5.11 of the *ABA Standards for Imposing Lawyer Sanctions* is relevant in Brewster's case. It provides, in part:

> A lawyer who engages in any of the illegal acts listed above has violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity.... In fact, this type of misconduct is so closely related to practice and poses such an immediate threat to the public that the lawyer should be suspended from the practice of law immediately pending a final determination of the ultimate discipline to be imposed....
>
> In imposing final discipline in such cases, most courts impose disbarment on lawyers who are convicted of serious felonies.

*ABA Standards for Imposing Lawyer Sanctions*, Standard 5.11, commentary, at 36.

We must now determine an appropriate form of final discipline. Brewster has already been suspended by this Court on an interim basis. We have carefully considered the record in this case. We have considered the Board's report and the evidence of aggravating and mitigating circumstances. We also have considered the respective arguments of Disciplinary Counsel and Brewster. We have concluded that the appropriate final sanction for Brewster's failure to maintain his personal integrity by engaging in serious criminal conduct, which resulted in his federal felony conviction for Bank Fraud, is disbarment. *ABA Standards for Imposing Lawyer Sanctions*, Standard 5.11, at 36. (1986).

Under our exclusive jurisdiction over the Bar of Delaware, IT IS ORDERED that David K. Brewster be disbarred from membership in the Delaware Bar. His name shall be immediately stricken from the Roll of Attorneys entitled to practice before the courts of this State.