**In the Matter of a Member of the Bar of the Supreme Court of Delaware, Edwin A. TOS.**

Supreme Court of Delaware.

Submitted: July 7, 1992.
Decided: July 14, 1992.

Edwin A. Tos, respondent, pro se.

Charles Slanina, Disciplinary Counsel for Bd. on Professional Responsibility, Wilmington.

Before HORSEY, WALSH, and HOLLAND, JJ.

PER CURIAM:

■ This is a Disciplinary Proceeding. A panel of the Board on Professional Responsibility (Board")[1] held a hearing involving charges of professional misconduct against the Respondent, Edwin A. Tos ("Tos"). Bd.Prof.Resp.R. 9(d). The Board has issued a final report to this Court ("Report").

The record reflects that Tos did not file an Answer to the Petition to Discipline. Nevertheless, Tos appeared, *pro se*, at the Board hearing. Tos advised the Board that he did not contest the charges and allegations before it. The Board found that Tos had failed to timely file a State of Delaware income tax return for 1988 and 1989. The Board also found that Tos had failed to timely file a Federal income tax return for 1989.

Tos has represented to this Court that he takes no exception to the Board's findings of fact. However, Tos does take exception to the Board's conclusion that his failure to file the aforementioned State and Federal income tax returns was "wilful." Therefore, the issues to be addressed by this Court are whether Tos' conduct was "wilful" and the appropriate form of discipline to be imposed.

The Court has determined that the record supports the Board's conclusion that Tos' failure to file his income tax returns was "wilful." Therefore, the Court has decided, in view of Tos' prior disciplinary history, that Tos should be suspended for a period of three years. Bd.Prof.Resp.R. 8(a)(2).

The Board's findings of fact with respect to the underlying charges of professional misconduct, as set forth in its Report, are in pertinent part, as follows:

1. The Respondent, Edwin A. Tos, is a member of the Bar of the Supreme Court of Delaware.

2. At all relevant times, Respondent was engaged in the private practice of law in Wilmington, Delaware.

3. Respondent failed to file a tax return for the year 1988 with the State of Delaware Division of Revenue in a timely manner.

4. Respondent failed to file a tax return for the year 1989 with the State of Delaware Division of Revenue in a timely manner.

5. Respondent failed to file a Federal tax return for the year 1989 with the Internal Revenue Service in a timely manner.

6. Respondent was aware of his failure to file his 1989 State of Delaware and Federal tax returns from the time that they were due in April 1990 and thereafter until the time when they, together with the Delaware 1988 return, were filed on or about September 20, 1991.

7. Respondent took no affirmative acts to rectify the failure to file the returns in question until after he was contacted by the Federal taxing authorities in the summer of 1991.

II

The Board's conclusions of law with respect to the underlying charges of professional misconduct, as set forth in its Report, are in pertinent part, as follows:

8. Respondent's conduct in failing to file a 1988 tax return with the State of Delaware Division of Revenue in a timely manner, in failing to file a 1989 tax return with the State of Delaware Division of Revenue in a timely manner and failure to file a 1989 Federal tax return with the Internal Revenue Service in a timely manner, accompanied by a continuing awareness of his failure to file the 1989 returns from the dates that they were due to the date on which they were filed, constitutes a violation of Interpretative Guideline No. 3 to Rule 8.4(b) of the Delaware Lawyers Rules of Professional

---

1. The Board is an agency of this Court. Supr. Ct.R. 62; *In re Kennedy*, Del.Supr., 472 A.2d 1317, 1318–19 (1984).

Conduct ("DLRPC"). DLRPC Rule 8.4(b) states:

It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Interpretative Guideline No. 3 states:

Illegal conduct involving moral turpitude within the meaning of these Rules shall be deemed to include, but not limited to, the following:

(1) Wilful failure to make and file Federal, State or City income tax returns or estimated income tax returns, or to pay such estimated tax or taxes, or to supply information in connection therewith at the time or times required by law or regulation.

Therefore, the panel concludes that Disciplinary Counsel has met his burden of proof and Respondent is found guilty of three violations of Interpretative Guideline No. 3 to Rule 8.4(b) of the Delaware Lawyers Rules of Professional Conduct. The wilful failure to file income tax returns constitutes conduct involving moral turpitude within the interpretive Guideline No. 3 to Rule 8.4(b). *In re Sanders*, Del.Supr., 498 A.2d 148, 150 (1985); *In re Sandbach*, Del.Supr., 546 A.2d 345, 347 (1988).

## III

 This Court's scope of review with regard to the Board's factual findings is to determine whether the record contains substantial evidence to support those findings. *In re Lewis*, Del.Supr., 528 A.2d 1192, 1193 (1987); *In re Kennedy*, Del.Supr., 472 A.2d 1317, 1326 (1984); *In re Reed*, Del.Supr., 429 A.2d 987, 991 (1981). "Findings by the Board relating to disputed issues of fact and credibility will not be reversed by the Court so long as they are supported by substantial evidence." *In re Green*, Del. Supr., 464 A.2d 881, 887 (1983). We review the Board's conclusions of law *de novo*. *In re Berl*, Del.Supr., 540 A.2d 410, 413 (1988). We are satisfied that the record before this Court supports the Board's findings of fact, the Board's determination that Tos'

failure to file his income tax returns was wilful, and the conclusions of law made by the Board in this case. *In re Sullivan*, Del.Supr., 530 A.2d 1115, 1117 (1987); *In re Lewis*, 528 A.2d at 1195; *In re Sanders*, 498 A.2d at 150; *In re Frabizzio*, Del. Supr., 498 A.2d 1076, 1081 (1985). *See also In re Ryan*, Del.Supr., 498 A.2d 515, 518 (1985).

## IV

 Proceedings for discipline are not criminal in character, but are "in the nature of an investigation by the [C]ourt into the conduct of its own officers." *In re Morford*, Del.Supr., 46 Del. 144, 80 A.2d 429, 432 (1951). Each case is fact sensitive. In determining an appropriate sanction, this Court must "protect the interests of the public and the [B]ar while giving due consideration to the interests of the individual involved." *In re Litwin*, N.J.Supr., 104 N.J. 362, 517 A.2d 378, 379 (1986); *In re Kinnear*, N.J.Supr., 105 N.J. 391, 522 A.2d 414, 415 (1987).

In mitigation of Tos' present professional misconduct, the Board found:

Respondent states that his failure to file the 1988 State of Delaware income tax return is the result of an assumed loss of that return after it had been prepared. Specifically, Respondent represented to the Board that it was his recollection that, as was his normal practice, he prepared his 1988 Federal and State tax returns together. He assumes that he lost rather than mailed the 1988 return for Delaware.

Respondent stated to the Board that the failure to file Federal and State tax returns for 1989 was, initially, the result of various personal and professional problems. Specifically, he stated that most of his business records were lost or destroyed when his bookkeeper was involved in an automobile accident in mid–1989. Additionally, in the beginning of the year, he terminated the partnership in which he had been a 40 per cent partner at a time when the partnership had a substantial amount of debt. Due to financial circumstances, he states that he

was unable to accomplish the reconstruction of records so as to prepare tax returns through the services of an accountant and, further, his financial circumstances suffered a severe setback as a result of a suspension by the Supreme Court in 1990. The Respondent also stated that he attempted to obtain an extension of time to file his 1989 Federal tax return but was refused because his request was made one day after the return was due. He also stated that he was going through an emotionally difficult time by reason of pending disciplinary proceedings.

The Respondent represented that he filed the delinquent returns on September 20, 1991, shortly after he was notified by letter dated September 5, 1991 by Disciplinary Counsel that the Office of Disciplinary Counsel was evaluating whether there had been a violation of Interpretive Guideline No. 3 to Rule 8.4(b) of the Delaware Lawyers Rules of Professional Conduct by reason of the failure to file tax returns.

The Board found the following to be factors in aggravation of Tos' present professional misconduct:

1. Respondent admits that he was aware of his failure to file the 1989 Federal and State tax returns as of the time that they were due (April 15, 1990 and April 30, 1990, respectively) and thereafter and up until the time that he received notice from the IRS that he had not filed a 1989 return. The notice from the IRS was received a few weeks before he received Disciplinary Counsel's letter of September 5, 1991. During that period of time, Respondent took no affirmative action to redress his wrongful omission even though he was always aware that he had not filed the returns.

2. Although Respondent appears to have been cooperative with respect to the investigation made by Disciplinary Counsel and states that he was cooperative with the taxing authorities, such cooperation took place after Respondent was notified of the status of the filings by the authorities and was not initiated by Respondent. See *In re Sandbach,* Del. Supr., 546 A.2d 345, 347 (1988).

3. Respondent has not paid his full tax obligation to the State of Delaware for the years 1988 and 1989.

4. Respondent has not paid his full tax obligation to the Federal Government for the year 1989.

5. Respondent has a prior disciplinary record consisting of:

(a) A private admonition issued by the Board on October 23, 1987 in Board Case No. 1014;

(b) A private admonition issued by the Board on September 15, 1988 in Board Case No. 4, 1988;

(c) A private admonition issued by the Board on February 22, 1988 in Board Case No. 1017;

(d) A one-year suspension ordered by the Supreme Court of the State of Delaware on July 9, 1990 in Board Case No. 22, 1988 and Board Case No. 5, 1989 (Supreme Court No. 56, 1990).

V

██ The inherent and exclusive authority for disciplining attorneys rests with this Court. *In re Green,* 464 A.2d at 885. Although protection of the client is a primary purpose of disciplinary action, there are other important purposes to be served by lawyer discipline. *See In re Sullivan,* 530 A.2d at 1119. Disciplinary proceedings also serve to foster public confidence in the Bar, to preserve the integrity of the profession, and to deter other lawyers from similar misconduct. *Id.*

██ As officers of the Court, members of the Bar are expected to respect and uphold the law. "[L]awyers who act illegally diminish the stature of the legal profession and reduce public confidence in the rule of law." *Standing Comm. on Discipline of the United States Dist. Court v. Ross,* 735 F.2d 1168, 1171 (9th Cir.1984). Accordingly, failure to maintain personal integrity, by wilfully failing to file State and Federal income tax returns in a timely manner, has resulted in the imposition of serious disciplinary sanctions by

this Court. *See In re Sandbach*, Del.Supr., 546 A.2d 345 (1988) (wilful failure to file income tax returns for five years resulted in three year suspension, provided that respondent could petition for reinstatement in two years if he had completed 400 hours of community service); *In re Sanders*, Del. Supr., 498 A.2d 148 (1985) (wilful failure to file income tax returns for three years resulted in three year suspension).

 We have carefully considered the record in this case. We have considered the Board's Report, in particular the evidence of aggravating and mitigating circumstances. We have also considered the prior disciplinary record of Tos, that resulted in his prior suspension from the practice of law and which is still in effect. *In re Tos*, Del.Supr., 576 A.2d 607 (1990). We have concluded that the interests of the public, the Bar, and Tos would all be served, as a result of Tos' wilful failure to timely file State and Federal income tax returns, if Tos is suspended prospectively for a period of three years.

Accordingly, IT IS ADJUDGED and ORDERED that Tos be disciplined as follows:

1. That Tos be prohibited and suspended from engaging in the practice of law, as a member of the Delaware Bar, for a period of three years, commencing August 1, 1992 and ending July 31, 1995.

2. That during such period, Tos shall not (a) share in any legal fees arising from clients or cases referred by him, during the period of suspension, to any other attorney, or (b) share in any legal fees earned for services by others during such period of suspension.

3. That Tos shall comply with the provisions of Rule 24 of the Rules of the Board on Professional Responsibility.

4. That during such period of suspension, Tos shall make arrangements with Disciplinary Counsel for the Board on Professional Responsibility for the payments of the costs of the proceedings before the Board.

5. That this Opinion and Order be disseminated by Disciplinary Counsel in accordance with Rule 3 and Rule 14 of the Rules of the Board on Professional Responsibility.