**In the Matter of A Member of the Bar of the Supreme Court of Delaware: John C. LANDIS, Respondent.**

No. 7,2004.

Supreme Court of Delaware.

Submitted: March 9, 2004.
Decided: May 14, 2004.

Michael S. McGinniss, Esquire, Wilmington, Delaware, for Office of Disciplinary Counsel.

Charles J. Slanina, Esquire, of Finger & Slanina, P.A., Hockessin, Delaware, for Respondent.

Before HOLLAND, BERGER and STEELE, Justices.

PER CURIAM.

This is a lawyer disciplinary proceeding. The respondent, John C. Landis, admits, among other things, that he failed to pay employee payroll taxes and his own personal income taxes for more than five years; failed to safeguard his clients' funds; and made false representations to the Supreme Court in his Certificates of Compliance. The Board on Professional Responsibility recommended a public reprimand, three years of probation with conditions, and permanent practice limitations. The Office of Disciplinary Counsel objects only to the public reprimand, arguing that a six month suspension is the appropriate sanction. After careful consideration, this Court concludes that a three year suspension is warranted, but that Landis may be relieved of the remaining term of suspension by petitioning the Board for reinstatement after six months.

### Facts

Landis was admitted to the Delaware Bar in 1978. He directed the Community Legal Aid Society from 1976—82 and Delaware Volunteer Legal Services from 1982—87. From 1987—1994, Landis was a full time Associate Professor of Law at the Delaware Law School. Landis has been in solo private practice since 1994 and has worked at the Public Defender's Office since 1996. The violations that are the subject of this proceeding were uncovered in November 2002, when Landis's law office was selected for a random compliance audit.

The compliance audit, and a subsequent investigative audit, revealed that: 1) from 1996—2002 Landis failed to maintain proper operating and escrow accounts; 2) there were negative balances in 41 client escrow accounts and significant unidentified client funds; 3) from 1997—2002, Landis failed to file returns or pay State or Federal payroll taxes totaling approximately $64,000, with estimated penalties; and 4) from 1996—2002, Landis failed to file returns or pay State or Federal personal income taxes totaling approximately $113,000, with estimated penalties. Notwithstanding the disarray in his books and his failure to pay taxes, Landis filed Certificates of Compliance from 1997—2002 in which he falsely certified that he was filing and paying payroll and income taxes in a timely manner.

### Board Proceedings

The Office of Disciplinary Counsel (ODC) filed a Petition for Discipline in July 2003, and the parties entered into a Stipulation of Admitted Facts and Violations and a Joint Recommendation of Sanction (Stipulation). The Stipulation identified the following violations of the Delaware Lawyers' Rules of Professional Conduct (DLRPC): 1) Rule 1.15(a), for failure to hold clients' property separate from the lawyers' property; 2) Rule 1.15(b), for failure to pay payroll taxes; 3) Rule 1.15(d), for failure to maintain appropriate books and records; 4) Rule 8.4(b), for willful failure to pay income taxes; 5) Rule 8.4(d), for engaging in conduct prejudicial to the administration of justice by failing to file or pay taxes; 6) Rule 8.4(c) and (d), for engaging in dishonest conduct and conduct that is prejudicial to the administration of justice by filing false Certificates of Compliance.

The Stipulation recommended a six-month suspension with conditions, followed by a three-year public probation and permanent practice restrictions that would

prohibit solo practice and any future responsibility for financial record keeping. The Stipulation also included proposed conditions relating to Landis's continued cooperation with ODC and his continued medical treatment. After considering the aggravating and mitigating factors, the Board concluded that Landis should not be suspended. Rather, the Board determined that a public reprimand together with the other conditions recommended in the Stipulation would be the appropriate sanction.

## Supreme Court Review

■■■ The standards governing lawyer discipline are well settled. "This Court has the 'inherent and exclusive authority' to discipline members of the Delaware Bar. Sanctions recommended by the Board often aid in our determination, but are not binding on this Court."[1] The sanctions are "not designed to be either punitive or penal. The relevant factors to be considered in determining an appropriate sanction are: a) the nature of the duty violated; b) the lawyer's mental state; c) the actual/potential injury caused by the misconduct; and d) the existence of aggravating and mitigating circumstances."[2] In addition, to assure fairness, the sanction must be consistent with prior disciplinary decisions.[3]

After carefully reviewing the record, we conclude that neither the Board's nor ODC's recommended sanctions are entirely appropriate. First, we have consistently recognized that failure to maintain proper books and records and failure to pay personal and payroll taxes are very serious violations of a lawyer's professional re-

sponsibility, as they could cause enormous financial injury to office employees and clients.[4] Second, we find that Landis's violations were intentional. Although there was evidence that Landis's depression affected his ability to deal with his bookkeeping and tax problems, his psychiatrist testified that he was aware of those deficiencies. Landis's mental illness certainly qualifies as a mitigating factor, but it does not transform knowing misconduct into negligent misconduct.

Our review of the aggravating and mitigating factors strongly favors Landis. The aggravating factors include the fact that Landis is a seasoned attorney who repeatedly engaged in dishonest and illegal conduct that jeopardized his clients and his employees. The mitigating factors include the fact that Landis has devoted his career to public service; he acknowledges the wrongfulness of his conduct and has taken significant steps to rectify his bookkeeping and tax problems; he suffered serious personal and emotional problems that, also, are being addressed; and he has cooperated fully with ODC throughout these proceedings. In deciding on the appropriate sanction, however, we cannot ignore our precedents. We have consistently imposed the sanction of suspension on lawyers who, for several years, fail to file and pay taxes. Usually, that suspension is for three years.[5]

Having considered all of the pertinent factors, we conclude that a period of suspension must be imposed. Accordingly, it is hereby ORDERED that Landis be disciplined as follows:

1. *In Re Froelich,* 838 A.2d 1117, 1120 (Del. 2003).

2. *In Re Garrett,* 835 A.2d 514, 515 (Del.2003).

3. *In Re Bailey,* 821 A.2d 851, 865 (Del.2003).

4. *See: In Re Garrett,* 835 A.2d 514 (Del.2003); *In Re Williams,* 701 A.2d 825 (Del.Jud.1997); *In Re Tos,* 610 A.2d 1370 (Del.1992).

5. *See, e.g., In Re Garrett,* 835 A.2d 514 (Del. 2003); *In Re Tos,* 610 A.2d 1370 (Del.1992); *In Re Sanders,* 498 A.2d 148 (Del.1985).

1) that he be suspended from engaging in the practice of law as a member of the Delaware Bar for a period of three years, commencing on the date of this decision, subject to the provisions of paragraph 4, below;

2) that during the period of suspension, Landis shall not: (a) share in any legal fees arising from clients or cases referred by Landis during the period of suspension to any other attorney, or (b) share in any legal fees earned for services by others during such period of suspension;

3) that Landis shall be subject to a three-year period of public probation, subject to the terms and conditions specified by the Board, and Landis shall be subject to the permanent practice limitations and other limitations and conditions specified by the Board;

4) that, if Landis fulfills all applicable terms and conditions of this Order for six months, he shall be relieved of the remaining 30 months of suspension and may petition the Board on Professional Responsibility for immediate reinstatement.

5) that this Opinion and Order be disseminated by Disciplinary Counsel in accordance with the Rules of the Board on Professional Responsibility.